IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUNG OK SEOL and CHANG SOO SEOL,  )
                                  )
        Plaintiffs,                )
                                  )
                                  )
    v.                            )   No. 13-cv-1379
                                  )
ERIC H. HOLDER, JR.,              )
    Attorney General, et. al.,    )
                                  )
        Defendants.               )

Memorandum Opinion and Order

On February 21, 2013, Chang Soo Seol and Jung Ok Seol ("Plaintiffs") filed a complaint for declaratory and injunctive relief and petition for review of an administrative agency action. Specifically, they challenge the revocation of a previously approved Form I-130 Petition for Alien Relative ("Form I-130") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et. seq*. The Government has moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. ("Rule") 12(b)(1). For the reasons that follow, I grant the Government's motion and dismiss Plaintiffs' complaint.

II.

Plaintiff Jung Ok Seol, a United States citizen, filed the Form I-130 petition on behalf of Plaintiff Chang Soo Seol ("Chang Seol"), claiming Chang Seol was her unmarried son. Change Seol is a native and citizen of Korea who entered the United States on a B-2 Visitor visa on November 24, 1992. The Form I-130 petition

for Chang Seol was approved by the United States Citizenship and Immigration Services ("USCIS") on June 15, 1998 under 8 U.S.C. § 1154(a)(1)(A)(I), and he was classified as an unmarried adult son of a United States citizen, eligible for visa under 8 U.S.C. § 1151(a)(1).

On May 27, 2010, USCIS issued a Notice of Intent to Revoke ("NOIR") Chang Seol's 1998 Form I-130 because of its findings that Chang Seol engaged in a "sham" divorce from his ex-wife Jim Hee Kim, which thus made him ineligible for citizenship status based on his being the *unmarried* son of an adult citizen. In support of its intention to revoke Change Seol's approved Form I-130, the USCIS cited an extensive list of evidence supporting its conclusion that Chang Seol's divorce was obtained solely to obtain immigration benefits. On July 7, 2010, the USCIS issued a final decision revoking Chang Seol's approved 1998 Form I-130 petition. Chang Seol appealed the decision to revoke his Form I-130 to the Board of Immigration Appeals, which upheld the conclusion of the USCIS. Chang Seol and Jung Seol challenge that decision before this court.

II.

"It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the claim." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). The Government argues that 8 U.S.C. §1252

(a)(2)(B)(ii) strips federal courts of jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum.]" 8 U.S.C. § 1252(a)(2)(B)(ii).

The USCIS revoked Chang Seol's visa under 8 U.S.C. § 1155, which states that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154." The Seventh Circuit has held that a decision to revoke a previously approved petition pursuant to 8 U.S.C. § 1155 is a discretionary decision within the meaning of 8 U.S.C. 1252(a)(2)(B), which therefore deprives district courts of jurisdiction to review those decisions. *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004) ("[T]he discretionary nature of the decision is apparent from the plain language of the statute.") As explained in *El-Khader*, Congress employed the "permissive 'may' and a temporal reference to 'at any time'... and "[t]his language plainly signifies a discretionary decision." *Id.* at 567.

Plaintiffs argue, however, that this Court nevertheless has jurisdiction because they urge that the revocation process under 8 U.S.C. § 1155 involves two steps that include (1) the decision about *when* to take action to revoke the visa, and (2) the final decision that actually revokes the approved petition. They argue

that the Secretary's decision regarding *when* to take action under 8 U.S.C. § 1155 is discretionary, but once the Secretary acts to revoke an approved visa, she has exercised her power according to a prescribed legal standard in the substantive statute that the court may then review. Plaintiffs' argument is precluded by *El-Khader*. 366 F.3d at 567.

Plaintiffs also argue that because the statute requires the Secretary to review the evidence at the time the Notice of Intent to Revoke is issued and to determine that if evidence went "unexplained and unrebutted, would [it] warrant a denial of the visa petition based on the petitioner's failure to meet his burden of proof," it is not discretionary. Plt's Resp. [#12] at 6 (citing *Matter of Tafwik*, 20 I&N Dec. 166, 167 (BIA 1990)). They argue that because the Secretary must use the underlying legal standard governing marriage fraud determinations to revoke a petition, the Secretary is not given unfettered discretion to revoke petitions without a legal basis to do so.

This argument was foreclosed in *Holy Virgin Protection Cathedral of the Russian Orthodox Church Outside Russia, et al. v. Chertoff*, 499 F.3d 658, 661 (7th Cir. 2007), where the Seventh Circuit reiterated that the broad discretion of 8 U.S.C. § 1155 meant that the Attorney General's discretion to revoke a previously approved visa was not subject to the same regulations and strict requirements that govern its decision about whether to issue a visa in the first instance. The Seventh Circuit relied

on the language of 8 U.S.C. § 1155, and unequivocally stated that "the degree of discretion that Congress wanted the Attorney General and the Secretary to exercise is spelled out in the statute itself." *Holy Virgin*, 499 F.3d at 661. There, as here, *El-Kader* "is the decision that governs" and that decision says that the revocation of a previously approved Form I-130 petition is discretionary. *Id.*

Plaintiffs also argue that *Kucana v. Holder*, 558 U.S. 233 (2010), stands for the proposition that 8 U.S.C. § 1252(a)(2)(B) does not preclude judicial review of an administrative proceeding, because *Kucana* holds that the statute must indicate that the agency's discretion was explicitly specified and not just "implied" or "anticipated." In short, they argue that if Congress had intended for 8 U.S.C. § 1155 to be wholly discretionary, it would have written that explicitly into the language of the statute. That argument, however, fails because the Seventh Circuit has already analyzed the language and determined that the permissive "may" and the "at any time," clearly signifies Congress' intent that the action be committed to the discretion of the Attorney. *See El-Kader*, 366 F.3d at 567 ("Nevertheless, in our opinion, the discretionary nature of the decision is apparent from the plain language of the statute.") Courts that have considered the language following *Kucana* have agreed that the Supreme Court's decision does not change this result. *E.g., Green v. Napolitano,* 627 F.3d 1341, 1345-46 (10th

Cir. 2010).

In the alternative, Plaintiffs argue that this Court may issue declaratory relief through the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because they urge that there is an actual controversy between the parties. The Declaratory Judgment Act, however, does not enlarge the jurisdiction of the federal courts; it is procedural only. *See GNB Battery Techs, Inc. v. Gould, Inc.,* 65 F.3d 616, 619 (7th Cir. 1995) ("[B]ecause the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction ... the district court must possess an independent basis for jurisdiction.")

Finally, Plaintiffs urge this Court to enjoin the commencement of the removal proceedings against Chang Seol. The Government argues that 8 U.S.C. § 1252(g) prevents my review of that claim since the statute explicitly precludes it. In 8 U.S.C. § 1252(g), Congress provided that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Plaintiffs' attempts to make an end-run around the limitations of 8 U.S.C. § 1252(g) by claiming the proceedings have not commenced fails because judicial action would impermissibly interfere with the Attorney General's ability to exercise his discretion to commence proceedings. "[I]n each instance, the determination to withhold

or terminate deportation is confined to administrative discretion." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484-85 (1999)(internal citation omitted). And while 8 U.S.C. § 1252(g) does not prohibit review of *all* agency action, it does prohibit the judicial review of the decision to commence removal proceedings. *Id.* at 482. Thus, this Court may not enjoin the commencement of removal proceedings against Chang Seol.

### III.

For the foregoing reasons, the Government's motion to dismiss for lack of subject matter jurisdiction is granted.

ENTER ORDER:

**Dated:** July 24, 2013

_____
**Elaine E. Bucklo**
United States District Judge